UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK FIDELMAN; and C.F., a minor,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>KEVIN POLIS, KELLY FIDELMAN, PATRICIA CLEARY, RICHARD LAYON, MATT ALBEE, JEFFREY B. BARTON, STATE OF CALIFORNIA, and DOES 1–10,<br><br>　　　　　　　　　　Defendants. | Case No.: 23-CV-417 TWR (NLS)<br><br>**ORDER (1) REQUIRING COMPLIANCE WITH GENERAL ORDER NO. 514-E, (2) SETTING BRIEFING SCHEDULE ON PENDING AND FUTURE MOTIONS TO DISMISS, AND (3) DENYING WITHOUT PREJUDICE PLAINTIFFS' REQUEST FOR ELECTRONIC FILING STATUS**<br><br>(ECF Nos. 1–3, 5–8, 11) |

Presently before the Court are the Motions to Dismiss and/or Motions to Strike filed by Defendants Kevin Polis (ECF No. 5), Richard Layon (ECF No. 6), and Patricia Cleary (ECF No. 7) (together, the "MTDs"), as well as Plaintiff Mark Fidelman's "Request for Electronic Filing Status PACER CM/ECF Approval" ("E-filing Mot.," ECF No. 11).

**COMPLIANCE WITH GENERAL ORDER NO. 514-E**

As an initial matter, the Court notes that, in cases such as this one involving a minor child, (*see, e.g.*, ECF No. 1 ¶¶ 1, 14), the Court's policy on privacy and public access to electronic case files requires that "only the initials of that child should be used," rather than

the minor's full name.  *See In re Adopting a Policy on Privacy and Public Access to Electronic Case Files*, Gen. Order No. 514-E (S.D. Cal. Dec. 22, 2020).  Unfortunately, several documents previously filed in this matter reference the full name of C.F., the minor Plaintiff to this action.  To restrict access to the private and confidential information that is currently part of the court record, the Court has directed the Clerk of Court to seal all previous noncompliant filings on the docket.  (*See* ECF Nos. 1–3, 5–8, 11.)

In the interests of maintaining a publicly accessible court record, *see Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006), within fourteen (14) days of the date of this Order, the original filer of each document **SHALL DELIVER** a redacted copy of each filing to the Clerk's Office as follows: Plaintiff Mark Fidelman **SHALL DELIVER** redacted copies of the documents filed at ECF Nos. 1 and 11, Defendant Polis **SHALL DELIVER** redacted copies of the documents filed at ECF Nos. 5 and 8, Defendant Layon **SHALL DELIVER** a redacted copy of the documents filed at ECF No. 6, and Defendant Cleary **SHALL DELIVER** redacted copy of the documents filed at ECF No. 7.  Counsel **SHALL ATTACH** a copy of this Order to their submissions so that the Clerk of Court may refile these documents on the docket to serve as the public redacted versions.  *All future filings **SHALL CONTAIN** appropriate redactions, and the name of the minor child should be redacted to "C.F." in the caption, as set forth above.*

### BRIEFING SCHEDULE ON MOTIONS TO DISMISS

As for the pending Motions to Dismiss, pursuant to Section III.B.2 of the undersigned's Standing Order for Civil Cases, the Court sets the following briefing schedule:  Plaintiffs **SHALL FILE** their opposition on or before June 1, 2023; and Defendants **MAY FILE** their optional replies, if any, on or before June 15, 2023.  As noted in Section III.A.2 of the undersigned's Standing Order for Civil Cases, *"[a]n opposing party's failure timely to file an opposition to any motion may be construed as consent to the granting of the motion pursuant to Civil Local Rule 7.1(f)(3)(c)."*

Any further motions to dismiss filed on or before May 18, 2023, **SHALL NOTICE** a hearing date of June 29, 2023, at 1:30 p.m., and **SHALL FOLLOW** this same briefing

schedule. Pursuant to Section III.B.1 of the undersigned's Standing Order for Civil Cases, before filing any motion after May 18, 2023, counsel must call the undersigned's chambers to obtain a hearing date.

Upon closing of the briefing, this matter **SHALL BE DEEMED** submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1).

## PLAINTIFFS' E-FILING MOTION

Finally, Mr. Fidelman "respectfully request[s] that this Court grant [him] access to the Public Access to Court Electronic Records (PACER) [and] Case Management/ Electronic Case Files (CM/ECF) System[s]." (*See* E-Filing Mot. at 1.) The Court notes that PACER and CM/ECF are distinct systems—PACER "provides electronic public access to federal court records," whereas CM/ECF "allows courts to maintain electronic case files and offer electronic filing online." *See* Administrative Office of the U.S. Courts ("AO"), Frequently Asked Questions, PACER, https://pacer.uscourts.gov/help/faqs (last visited Apr. 3, 2023).

Anybody can register for a PACER account. *See* AO, Register for an Account: PACER – Case Search Only, PACER, https://pacer.uscourts.gov/register-account/pacer-case-search-only (last visited Apr. 3, 2023). Although registering is free, there is a fee of $0.10 per page, capped at $3.00 per document, to access documents through PACER. *See* AO, PACER Pricing: How fees work, PACER, https://pacer.uscourts.gov/pacer-pricing-how-fees-work (last visited Apr. 3, 2023). Mr. Fidelman has indicated that he is "prepared to pay the required fees associated with accessing the PACER . . . system." (*See* E-Filing Mot. at 2.) The Court therefore **DENIES AS MOOT** Mr. Fidelman's E-Filing Motion to the extent he seeks access to PACER.

With respect to CM/ECF, "[n]ot all courts accept non-attorney filers and some only accept specific types of non-attorney filers." *See* AO, Register for an Account: Non-attorney Filers for CM/ECF, PACER, https://pacer.uscourts.gov/register-account/non-attorney-filers-cmecf (last visited Apr. 3, 2023). Indeed, in this District, "[u]nless otherwise authorized by the court, all documents submitted for filing to the Clerk's Office

by parties appearing without an attorney must be in legible, paper form." Office of the Clerk, United States District Court for the Southern District of California, Electronic Case Filing Administrative Policies and Procedures Manual, § 2(b) (Mar. 14, 2023). "A pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual." *Id.* The manual refers to the Court's official web site for CM/ECF technical specifications, *id.* at § 1(i), which include a "[c]omputer running Windows or Macintosh;" "[s]oftware to convert documents from a word processor format to portable document format (PDF)," such as "Adobe Acrobat 7.0 and higher[;]" "[i]nternet access supporting a transfer rate of 56kb or higher;" a compatible browser, such as "Firefox 15, Internet Explorer 9, and Safari 5.1/6 or later version;" a "[s]canner to image non-computerized documents 400 pixels per inch (ppi);" and a PACER account. United States District Court, Southern District of California, CM/ECF Information: General Information, https://www.casd.uscourts.gov/cmecf.aspx#undefined1 (last visited Apr. 3, 2023).

Mr. Fidelman has not made the requisite showing. (*See generally* E-Filing Mot.) The Court therefore **DENIES WITHOUT PREJUDICE** Mr. Fidelman's E-Filing Motion to the extent he seeks electronic filing privileges through CM/ECF.

**IT IS SO ORDERED.**

Dated: April 3, 2023

_____
Honorable Todd W. Robinson
United States District Judge